IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TANESHIA QUINN**                                                                        **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:23-cv-00343-HTW-LGI**

**RANKIN COUNTY, et al.**                                                  **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court *sua sponte* as a Motion to Dismiss Plaintiff's Complaint [1]. After consideration of the record and relevant legal authority, the undersigned recommends that this civil action be dismissed without prejudice.

**I.**     **BACKGROUND**

On May 30, 2023, *pro se* Plaintiff filed a Complaint [1] against Rankin County, Detective Eric Mallory, Patrol Officer James Landis Prince, Judge David Marrow, Jr., and Prosecutor Mary Jane Lemon. She also filed a Motion for Leave to Proceed *in forma pauperis* [2]. On November 29, 2023, this Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and directed the United States District Clerk to accept the Complaint filed by Plaintiff without prepayment of filing fees. *See* Order, Doc. [6]. Plaintiff has taken no further action in this case.

On April 4, 2025, the Court entered an Order to Show Cause, directing Plaintiff to show cause, withing thirty days, as to why her complaint should not be dismissed for failure to serve Defendants, or to serve process on Defendants by May 5, 2025. *See* Order, Doc. [7]. The order also warned that Plaintiff's "failure to serve process or respond to th[e] Court's Order on or before May 5, 2025, may result in the dismissal of her Complaint. . . ." *Id*. A copy of the order was mailed to Plaintiff's physical address. Plaintiff has not responded to the Court's Order [7], and the time to

do so has passed.

## II. ANALYSIS

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or follow a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action *sua sponte* to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Id*. Dismissal for failure to prosecute "operates as an adjudication upon the merits," Fed. R. Civ. P. 41(b), and is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

The Court warned Quinn that it may dismiss this action without prejudice if she did not timely respond to the Show Cause Order. Quinn did not respond. The undersigned therefore recommends dismissal of this case without prejudice, under Rule 41(b) for failure to prosecute and for failure to obey a Court order.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1] be DISMISSED without prejudice.

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy

to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SO ORDERED** this the 8th day of May, 2025.

                                           /s/ LaKeysha Greer Isaac
                                       UNITED STATES MAGISTRATE JUDGE